UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENDA J. WILDER<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>BANK OF AMERICA, N.A., SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING, LP; and "ALL PERSONS or ENTITIES UNKNOWN CLAIMING ANY LEGAL or EQUITABLE RIGHT, TITLE, ESTATE, LIEN, or INTEREST in the PROPERTY DESCRIBED in this COMPLAINT ADVERSE to PLAINTIFF'S TITLE, or ANY CLOUD UPON PLAINTIFF'S TITLE THERETO" AND DOES 1-25, INCLUSIVE,<br><br>　　　　Defendants. | CASE NO. CV 14-00670 MMM (CWx)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO VACATE |

On March 5, 2014, Brenda Wilder filed a verified complaint against Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing, LP ("BofA") and certain fictitious defendants in Riverside Superior Court.[1] On April

---

[1] Notice of Removal, Docket No. 1 (Apr. 4, 2014), Exh. 1 (Complaint).

4, 2014, BofA removed the action to federal court, invoking the court's diversity jurisdiction. A week later, it filed a motion to dismiss.[2] The case was transferred to this court on April 17, 2014, pursuant to General Order 08-05.[3] On May 2, 2014, Wilder filed a motion to remand,[4] which the court denied on June 30, 2014, concluding that it had diversity jurisdiction. The court also granted BofA's motion to dismiss the complaint with prejudice on *res judicata* grounds.[5] It entered judgment in BofA's favor the same day.[6]

On September 8, 2014, Wilder filed a motion to vacate the judgment under Rule 60(b)(4) of the Federal Rules of Civil Procedure.[7] BofA opposes the motion.[8] Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the court finds this matter appropriate for decision without oral argument. The hearing calendared for December 8, 2014, is therefore vacated, and the matter taken off calendar.

## I. BACKGROUND AND PROCEDURAL POSTURE[9]

### A. Prior Federal Court Action (Wilder I)

Brenda Wilder filed an earlier action in federal court on April 3, 2013 ("Wilder I") against Stearns Lending, Inc., ("Stearns"), BofA, and ten fictitious defendants. The complaint alleged claims for declaratory relief; negligence; quasi contract; violation of the Real Estate Settlement

---

[2] Motion to Dismiss, Docket No. 8 (Apr. 11, 2014).

[3] Order Re: Transfer Pursuant to General Order 08-05, Docket No. 10 (Apr. 17, 2014).

[4] Motion to Remand, Docket No. 14 (May 2, 2014).

[5] Order Denying Plaintiff's Motion to Remand and Granting Defendants' Motion to Dismiss ("Order"), Docket No. 28 (Jun. 30, 2014) at 11, 24-25.

[6] Judgment for Defendant, Docket No. 29 (Jun. 30, 2014).

[7] Motion to Vacate ("Motion"), Docket No. 30 (Sept. 8, 2014).

[8] Opposition to Motion to Vacate ("Opposition"), Docket No. 32 (Nov. 17, 2014).

[9] This factual background is taken from the court's prior order denying Wilder's motion to remand and granting defendants' motion to dismiss. (See Order at 2-5.)

Procedures Act, 12 U.S.C. § 2605 ("RESPA"); violation of the Truth in Lending Act, 15 U.S.C. § 1641 ("TILA"); violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"); violation of California Business and Professions Code § 17200 et seq; and an accounting.[10] On June 28, 2013, the court dismissed Wilder's complaint with leave to amend.[11] On July 18, 2013, she filed a first amended complaint, which deleted the TILA claim but repled the remaining causes of action.[12] On August 22, 2013, Wilder filed a motion to add the "Bank of New York Mellon, as Trustee" ("BNYM") as a defendant.[13] The court denied that motion on November 25, 2013, and dismissed her first amended complaint with leave to amend.[14] On December 19, 2013, it extended Wilder's time to file a second amended complaint to January 3, 2014.[15] When no amended complaint was filed by that date, the court dismissed the case with prejudice on January 7, 2014 pursuant to Rule 41(b).[16]

Wilder I concerned a December 15, 2008 agreement pursuant to which Stearns made a $289,987 purchase money mortgage loan to Wilder secured by residential property located at

---

[10]Case No. 13-02369-MMM-CW, Complaint ("Wilder I Complaint"), Docket No. 1 (Apr. 3, 2013).

[11]Case No. 13-02369-MMM-CW, Order Granting Defendants' Motions to Dismiss, Docket No.15 (June 28, 2013).

[12]Case No. 13-02369-MMM-CW, First Amended Complaint ("Wilder I FAC"), Docket No. 22 (July 18, 2013).

[13]Case No. 13-02369-MMM-CW, Motion to Add Bank of New York Mellon ("Motion to Add BNYM"), Docket No. 28 (Aug. 22, 2013).

[14]Case No. 13-02369-MMM-CW, Order Granting Motion to Dismiss Plaintiff's Complaint and Denying Plaintiff's Motion to Add Bank of New York Mellon, as Trustee, as Defendant ("Nov. 25 Order"), Docket No. 55 (Nov. 25, 2013).

[15]Case No. 13-02369-MMM-CW, Text Only Entry Order Granting Request, Docket No. 57 (Dec. 19, 2013).

[16]Case No. 13-02369-MMM-CW, Minute Order in Chambers: Order Dismissing Action, Docket No. 59 (Jan. 7, 2014).

13800 Roderick Drive, Moreno Valley, California 92555.[17] Wilder alleged that shortly after she entered into the loan agreement with Stearns, Stearns assigned its right, title, and interest in the note and deed of trust to a trust; Bank of New York Mellon ("BNYM") was purportedly the trustee of the trust.[18] Wilder asserted that the trust "act[ed] as an apparatus for converting mortgages into a debt commodity," i.e., a mortgage-backed security,[19] and argued that the transfer divested Stearns of any right to receive payments on the loan, to be denominated the holder of her note, or to be deemed the lender on her deed of trust.[20]

On September 16, 2011, MERS executed an assignment of deed of trust, which transferred the beneficial interest in the deed of trust to BofA.[21] Wilder alleged that the assignment was invalid for a variety of reasons: because it was fabricated by MERS; because MERS lacked authority to make an assignment; because the MERS Certifying Officer who signed the assignment lacked the authority to do so; because MERS did not hold an ownership interest in the property that it purported to assign; and because the assignment violated the statute of frauds.[22]

Wilder contended that BofA and BNYM falsely represented the status of her debt and their ability to enforce the debt obligation, and that BofA attempted to collect the debt under false pretenses by asserting that it had been assigned to BofA and BNYM when it had not.[23]

On July 3, 2012, BofA recorded a substitution of trustee, substituting ReconTrust Company, N.A. ("ReconTrust") as the trustee on the deed of trust.[24] The same day, ReconTrust,

---

[17] Nov. 25 Order at 2.

[18] *Id.* at 2-3.

[19] *Id.* at 3.

[20] *Id.*

[21] *Id.*

[22] *Id.*

[23] *Id.* at 3-4.

[24] *Id.* at 4.

4

as agent for the beneficiary, recorded a notice of default, which stated that Wilder was $31,525.92 in arrears on her loan payments as of June 29, 2012.[25]

### B. Factual Background in the Second Action ("Wilder II")

The complaint in this action ("Wilder II") contained far fewer factual allegations than the complaint in Wilder I, but concerned the same mortgage loan for the same property.[26] Wilder alleged that on December 15, 2008, she executed a deed of trust in favor of Stearns Lending, Inc.[27] As in Wilder I, she asserted that the deed of trust was assigned to BofA on September 16, 2011.[28]

Wilder contended that on February 19, 2013, she sent BofA a notice of "material violations" under the Homeowner Bill of Rights ("HBOR").[29] On March 1, 2013, BofA sent Wilder a letter identifying the investor or owner of Wilder's loan as BNYM. This information purportedly contradicted information provided in a letter BofA's affiliate, Blank Rome LLP, previously sent Wilder on December 6, 2012; that letter allegedly stated that the loan was owned by the Government National Mortgage Association ("GNMA").[30] Wilder asserted that BofA was not the owner of the loan, and therefore had no authority to foreclose on the property.[31] She alleged claims for quiet title; violation of California's Unfair Competition Law ("UCL"), Business and Professions Code § 17200; wrongful foreclosure; quasi contract; and violation of HBOR.

---

[25] *Id.*

[26] Complaint at 2.

[27] *Id.*, ¶ 3.

[28] *Id.*

[29] *Id.*, ¶ 40; *id.*, Attachment F.

[30] *Id.*, ¶ 40; *id.*, Attachments G, H.

[31] *Id.*, ¶ 41.

5

On May 2, 2014, after BofA timely removed Wilder II to federal court, Wilder filed a motion to remand.[32] As noted, the court denied the motion to remand on June 30, 2014, and granted BofA's motion to dismiss the complaint with prejudice on *res judicata* grounds.[33] The court entered judgment in favor of BofA the same day.[34]

On September 8, 2014, Wilder filed a motion to vacate the judgment as void for lack of jurisdiction under Rule 60(b)(4) of the Federal Rules of Civil Procedure.[35] BofA opposed the motion on November 17, 2014.[36]

## II. DISCUSSION

### A. Legal Standard Governing Motions to Vacate Under Rule 60(b)

Under Rule 60(b), on motion and such terms as are just, the court may relieve a party from a final judgment, order, or proceeding for the following reasons: "(1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) extraordinary circumstances which would justify relief." FED.R.CIV.PROC. 60(b); *School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

"Rule 60(b)(4) provides for relief from judgment on the basis that a judgment is void. An incorrectly decided judgment is not itself sufficient to render a judgment void." *Life Alert Emergency Response, Inc. v. Lifewatch, Inc.*, No. 08-CV-02184-CAS, 2014 WL 2115189, *1 (C.D. Cal. May 19, 2014) (citing *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260 (2010)). "Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on

---

[32] Motion to Remand, Docket No. 14 (May 2, 2014).

[33] Order at 11, 24-25.

[34] Judgment for Defendants, Docket No. 29 (Jun. 30, 2014).

[35] Motion at 1.

[36] Opposition at 1.

6

a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *School Dist. No. 1J*, 5 F.3d at 1263. Where a court lacked subject matter jurisdiction to enter judgment, relief under Rule 60(b)(4) is proper. See *Wages v. I.R.S.*, 915 F.2d 1230, 1234 (9th Cir. 1990) ("Pursuant to Rule 60(b)(4), a litigant may attack a judgment as void due to lack of subject matter jurisdiction").

### B. Whether Judgment for Defendants Should Be Set Aside or Vacated

Wilder argues that the court should vacate its judgment in this case because it lacked subject matter jurisdiction to decide the matter.[37] She advances three arguments in this regard. First, she contends it was incumbent on BofA to establish by a preponderance of the evidence that the amount in controversy exceeded $75,000, and that it failed to do so.[38] She also contends, as she did in her motion to remand, that the action could not be removed to federal court because it did not allege any federal claims.[39] Wilder is mistaken on both the facts and the law.[40]

As an initial matter, Wilder's argument that the case does not fall within the court's original jurisdiction because she does not allege any federal claims is unavailing. Wilder relies on *Beneficial National Bank v. Anderson*, 539 U.S. 1 (2003); *Anderson*, however, contradicts her argument. Discussing the removal statute, the Supreme Court stated: "As a general rule, *absent diversity jurisdiction*, a case will not be removable if the complaint does not affirmatively allege a federal claim." *Id.* at 2 (emphasis added). Wilder cites the diversity jurisdiction statute in her

---

[37]Motion at 6-9.

[38]*Id.* at 7.

[39]*Id.*

[40]Wilder devotes a substantial portion of her briefing to arguing that a motion to vacate a void judgment under Rule 60(b)(4) has no time limitation. It is well settled that where a judgment is void for lack of jurisdiction, there is no time limit on a motion seeking to vacate the judgment under Rule 60(b)(4). See *In re Center Wholesale, Inc.*, 759 F.2d 1440, 1447 48 (9th Cir. 1985) ("The rule requires that a 60(b)(4) motion 'be made within a reasonable time,' but if a judgment is void, a motion to set it aside may be brought at any time"); *Adams v. Hedgpeth*, No. CV 11-04330 VBF, 2014 WL 1795167, *1 n. 2 (C.D. Cal. Apr. 9, 2014) ("If a judgment is void, a motion to set it aside may be brought *at any time* under Rule 60(b)(4)" (emphasis original)).

motion to vacate, in fact, suggesting that she knows this is a proper basis for the exercise of federal jurisdiction.[41] As the court held in its prior order denying Wilder's motion to remand and granting BofA's motion to dismiss, because BofA removed on the basis of diversity jurisdiction, the absence of federal claims does not deprive the court of jurisdiction.

Wilder also argues that removal was improper because BofA failed to adduce evidence that the amount in controversy requirement for diversity jurisdiction was satisfied.[42] The court rejected this argument in its prior order denying Wilder's motion to remand, and Wilder offers no new authority here. The court nonetheless addresses the argument again in the interest of providing final clarity. "[I]n a case that has been removed from state court to federal court under 28 U.S.C. § 1441 on the basis of diversity jurisdiction, the proponent of federal jurisdiction – typically the defendant in the substantive dispute – has the burden to prove, by a preponderance of the evidence, that removal is proper." *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106-07 (9th Cir. 2010) (citing *Gaus*, 980 F.2d at 567). "In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Korn v. Polo Ralph Lauren Corp.*, 536 F.Supp.2d 1199, 1205 (E.D. Cal. 2008) (citing *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002)). "The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will *actually* owe." *Id.* (citing *Rippee v. Boston Market Corp.*, 408 F.Supp.2d 982, 986 (S.D. Cal. 2005), and *Scherer v. Equitable Life Assurance Society of the United States*, 347 F.3d 394, 399 (2d Cir. 2003) (emphasis original)). "[W]hen a complaint filed in state court alleges on its face an amount in controversy sufficient to meet the federal jurisdictional threshold, [the amount in controversy] requirement is presumptively satisfied unless it appears to a 'legal certainty' that the plaintiff cannot actually recover that amount." *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). See also *St. Paul Mercury Indem. Co. v. Red Cab*

---

[41]Motion at 7.

[42]*Id.* at 10-12.

8

*Co.*, 303 U.S. 283, 288-89 (1938) (stating that "the sum claimed by the plaintiff controls if the claim is apparently made in good faith" and that "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal").

In her complaint, Wilder seeks damages of "not less than $1,500,000."[43] Wilder cannot simply disavow this allegation that was included in her state court complaint. The "propriety of removal is determined solely on the basis of the pleadings filed in state court," *Williams v. Costco Wholesale Corp.*, 471 F.3d 975, 976 (9th Cir. 2006), and "[e]vents occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction," *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 375 (9th Cir. 1997) (citing *St. Paul Mercury Indem. Co.*, 303 U.S. at 288-90). Where, as here, plaintiff's state court complaint alleges an amount in controversy in excess of the jurisdictional amount, courts repeatedly and consistently find that the amount in controversy requirement is satisfied, absent proof to a legal certainty that plaintiff cannot recover the amount for which she prays. See *Hill v. Hill-Love*, 509 Fed. Appx. 605, 2013 WL 572817, *1 (9th Cir. Feb. 15, 2013) (Unpub. Disp.) ("There was no error in denying Hill's motion to remand to state court. The district court properly ignored Hill's belated attempt to avoid federal jurisdiction and adhered to this circuit's longstanding rule that the 'propriety of removal is determined solely on the basis of the pleadings filed in state court,' as Hill explicitly sought damages in excess of $75,000 in his state court complaint"); *Woodard v. Wells Fargo Bank, N.A.*, No. 14-CV-01017-ODW, 2014 WL 3534086, *2 (C.D. Cal. July 16, 2014) (denying a motion to remand because "[t]he amount in controversy exceed[ed] $75,000 as evidenced by Woodard's prayer for relief of $1,500,000 in the Complaint"); *BNSF Ry. Co. v. San Joaquin Valley R.R. Co.*, No. 08-CV-01086-AWI-SMS, 2008 WL 5046059, *3 (E.D. Cal. Nov. 21, 2008) (denying a motion to dismiss for lack of subject matter jurisdiction because "it [did] not appear to a legal certainty that BNSF's claims are really for less than $75,000").

---

[43]Complaint, ¶ 3 (prayer).

9

The court denied Wilder's motion to remand because it did not appear to a legal certainty that she could not recover more than $75,000. See *Guglielmino*, 506 F.3d at 699; see also *Red Cab Co.*, 303 U.S. at 288-89 ("The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, *the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal.* The inability of plaintiff to recover an amount adequate to give the court jurisdiction does not show his bad faith or oust the jurisdiction. Nor does the fact that the complaint discloses the existence of a valid defense to the claim. But if, from the face of the pleadings, it is apparent, *to a legal certainty,* that the plaintiff cannot recover the amount claimed, or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, and that his claim was therefore colorable for the purpose of conferring jurisdiction, the suit will be dismissed" (emphasis added)). She fares no better on her second attempt. Indeed, she merely attempts to place the burden on BofA to prove by a preponderance of the evidence that the amount in controversy requirement is satisfied. This amounts to inappropriate burden shifting, and fails for this reason alone.

Even were the burden on BofA to prove the amount in controversy by a preponderance of the evidence, moreover, it did so here. "In actions seeking to invalidate or rescind a mortgage loan, some district courts in the Ninth Circuit have relied on the amount of indebtedness . . . , while others have looked to the fair market value of the property to determine whether the amount in controversy requirement is met." *Jackson v. Specialized Loan Servicing, LLC*, No. CV 14-05981-MMM-PLAx, 2014 WL 5514142, *13 (C.D. Cal. Oct. 31, 2014). Quiet title claims, such as the one alleged by Wilder, are treated like claims for rescission, given that "quiet[ing] title to [any] subject property [ ]would require rescission of the promissory note." *Holt v. U.S. Bank N.A.*, No. 12 CV-00463 KJD, 2012 WL 1898893, *2 (D. Nev. May 23, 2012); *Schultz v. BAC Home Loans Servicing, LP*, No. CV 11-00558 PHX NVW, 2011 WL 1771679, *2 (D. Ariz. May 10, 2011) ("Further, Plaintiff seeks quiet title to the property, which would also require

10

1 rescission of the promissory note. The Court is thus persuaded that the value of this lawsuit is at
2 least the value of the subject property and, more likely, the value of the loan").

3       BofA supplied evidence both of the value of the loan and the value of the property. It
4 requested that the court take judicial notice of Wilder's deed of trust securing a $289,987 note,[44]
5 as well as the notice of trustee's sale recorded against her property, which stated that Wilder owed
6 $310,726.41 on her mortgage.[45] Wilder does not dispute these amounts, nor does she suggest that
7 the value of the property is less than $75,000. To the extent Wilder was willing to borrow, and
8 BofA was willing to lend, $289,987 to purchase the property, it strains credulity to suggest that
9 the value of the property is less than $75,000, even assuming diminution in value following the
10 real estate market collapse. Certainly, Wilder provides no evidence that would support such a
11 finding, and undermine her own allegation that $1,500,000 is in controversy. Accordingly, even
12 under the incorrect standard advocated by Wilder, BofA met its burden of demonstrating that the
13 amount in controversy requirement was satisfied. See *McNeely v. Wells Fargo Bank, N.A.*, No.
14 CV 11-01370 DOC, 2011 WL 5320997, *4 (C.D. Cal. Nov. 1, 2011) ("Because both the loan
15 amount and total unpaid balance of the loan obligation far exceed the $75,000 threshold, the
16 amount in controversy requirement is satisfied"); *Reyes v. Wells Fargo Bank, N.A.*, No. CV 10-
17 01667 JCS, 2010 WL 2629785, *5 (N.D. Cal. June 29, 2010) ("[D]ocuments attached to the
18 Complaint indicate that the amount of unpaid debt on the loan at the time of the trustee's sale was
19 $460,946.68. Therefore, [the] method of valuing the litigation puts this case over the $75,000.00
20 amount in controversy threshold"); *Garcia v. Citibank, N.A.*, No. CV 09-03387-JAM-DAD, 2010
21 WL 1658569, *2 (E.D. Cal. Apr. 23, 2010) ("Here, Plaintiff seeks declaratory and injunctive
22 relief in the Complaint, requesting an injunction to prevent the foreclosure proceedings. In
23 addition, Plaintiff seeks rescission of the contract and damages. The subject loan amount was
24 originally $221,000.00, excluding interest. As such, if the contract were rescinded, the value of

---

[44] Defendant's Request for Judicial Notice, Docket No. 9 (Apr. 11, 2014), Exh. A (Deed of Trust) at 1. The court took judicial notice of these documents in conjunction with BANA's motion to dismiss. (See Order at 15-17.)

[45] *Id.*, Exh. E (Notice of Trustee's Sale) at 1.

relief would be at least $221,000.00, which far exceeds the requisite amount in controversy"); *Henderson v. Nationstar Mortg. Co., LLC*, No. CV 07–2039 JLR, 2008 WL 302374, *2 (W.D. Wash. Jan. 31, 2008) ("[T]he amount Plaintiff owes on the loan shall be included in the amount in controversy").

Wilder's second and third contentions are even more readily dismissed. She asserts the court should have declined to exercise supplemental jurisdiction over her claims.[46] As noted, the court had diversity jurisdiction to hear Wilder's claims; as a consequence, the concept of supplemental jurisdiction did not come into play. Supplemental jurisdiction permits a court to exercise jurisdiction over claims that are not otherwise within its original jurisdiction. See 28 U.S.C. § 1367 ("[D]istrict courts [ ] have supplemental jurisdiction over all [ ] claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution"); *City & County of San Francisco v. ExxonMobil Oil Corp.*, No. CV 08-03490 MHP, 2009 WL 1189594, *3 (N.D. Cal. May 4, 2009) ("Subject matter jurisdiction is afforded when federal questions are raised, when parties are diverse, *or* if supplemental jurisdiction is warranted" (emphasis added)). Here, all claims were within the court's original diversity jurisdiction.

Wilder argues finally that the court lacked jurisdiction under to Rule 19 of the Federal Rules of Civil Procedure and Local Rule 19-1.[47] Rule 19 concerns required joinder of parties, while Local Rule 19-1 limits a plaintiff to naming no more than 10 fictitious defendants. See FED.R.CIV.PROC. 19 (setting forth the circumstances under which a party's joinder is required); CACD L.R. 19-1. Neither rule has any effect on subject matter jurisdiction. See *Woodard*, 2014 WL 5089411 at *2 ("Woodard also argues that the Court lacks subject-matter jurisdiction under Federal Rule of Civil Procedure 19 and Local Rule 19–1. Rule 19 concerns the joinder of parties and Local Rule 19–1 limits the number of fictitious defendants in a Complaint to ten. Neither rule has any effect on the Court's subject-matter jurisdiction in the case"); cf. 28 U.S.C. § 1441(b)(1)

---

[46] Motion at 14-15.

[47] *Id*. at 14.

("In determining whether a civil action is removable on the basis of [diversity jurisdiction], the citizenship of defendants sued under fictitious names shall be disregarded").

For all of these reasons, Wilder's contention that the court lacked subject matter jurisdiction is without merit. The court therefore denies Wilder's motion to vacate the judgment as void under Rule 60(b)(4).

### III.  CONCLUSION

For the reasons stated, the court denies Wilder's motion to vacate or set aside judgment under Rule 60(b)(4).

DATED: December 5, 2014

                */s/ Margaret M. Morrow*
                MARGARET M. MORROW
                UNITED STATES DISTRICT JUDGE

13